WILLIAM PATTISON, plaintiff in error, *v.* JOHN HOOD, defendant in error.

*Error to Randolph.*

Where the return to a summons does not show that it has been served ten days before the return day thereof, it is error to take judgment by default.
In an action of debt, it is error to render judgment for damages only.

LYMAN TRUMBULL, for the plaintiff in error.

JAMES SHIELDS and J. C. CONKLING, for the defendant in error.

DOUGLASS, Justice, delivered the opinion of the Court:

Hood, the plaintiff below, brought an action of *debt* against Pattison, the defendant below, in the Randolph Circuit Court, upon a sealed note.

The summons issued on the 18th day of August, 1840, returnable to the next term of the Court, to be holden on the 7th day of September, and was returned with the following endorsement thereon, to wit:

(1) *Ante* 21.

The People v. The Canal Commissioners.

" Executed by reading the within, September 3, 1840.
" JOHN CAMPBELL, Sheriff, Randolph Co."

The defendant not appearing, judgment was rendered against him by default, at the said September term of the Court, for the sum of $2367.66 in damages.

The errors assigned are,

*First.* That the said Pattison was not duly served with process, and that the Court erred in rendering judgment against him by default, when the summons was not served upon him, if at all, ten days before the term of the Court at which said judgment was rendered;

*Second.* That the judgment is erroneous, being wholly in damages, when the action is in debt.

The first error assigned is decisive of the case. The third section of the practice act (1) provides that if the summons shall not have been served ten days before the return day thereof, the defendant shall be entitled to a continuance, and shall not be compelled to plead before the next succeeding term. In this case the summons was served only four days before the return day; and yet the cause was called for trial, and judgment rendered by default, for want of a plea, at the first term. For this error, the judgment is reversed, and the cause remanded. (2)

The judgment is erroneous also, for the reason that whilst the action is in debt, the judgment is wholly in damages. (3)

The judgment is reversed and the cause remanded.

*Judgment reversed.*

(1) R. L. 487 ; Gale's Stat. 529.
(2) Gore v. Smith, Breese 206; and Clemson *et al. v.* Hamm, 1 Scam. 176.
(3) Jones v. Loyd *et al.*, Breese 174; Heyl *v.* Stapp *et al.*, *Ante* 95.